UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
NOV 05 2015
CLERK

| | |
|---|---|
| JAMES IRVING DALE, BRIAN MICHAEL HOLZER, MICHAEL EUGENE KOCH, DEMETRIUS PETRO COLAITES, TREVOR JOHN ERICKSON, GUY ALLEN BLESI, KEVIN CHRISTOPHER CRANK, JAMES EDWARD HAYES, EDWARD EUGENE DARITY, JOSIA JEREMIAH FUERST, ROBERT EUGENE BLACKWELL, JEFFERY JACOB-DANIEL KLINGHAGEN, DENNIS LOUIS STANISHII, UNKNOWN MIKE DURFEE STATE PRISON INMATES,<br><br>Plaintiffs,<br><br>vs.<br><br>DENNIS KAEMINGK, SOUTH DAKOTA SECRETARY OF CORRECTIONS; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, WARDEN AT MDSP AND THE DIRECTOR OF PRISON OPERATIONS FOR THE SOUTH DAKOTA DOC; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOSHUA KLIMEK, UNIT MANAGER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AND THE ADMINISTRATIVE REMEDY COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK, DEPUTY WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL DOYLE, | 4:15-CV-04103-RAL<br><br><br><br>OPINION AND ORDER DENYING APPEAL |

1

CORRECTIONAL OFFICER, WITH THE RANK MAJOR, AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JEREMY LARSON, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AND THE DISCIPLINARY HEARING OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; COREY TYLER, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; KELLY TJEERDSMA, CORRECTIONAL OFFICER, WITH THE RANK CORPORAL, AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; LORI DROTZMAN, GENERAL EDUCATION DIPLOMA TEACHER, WHO ALSO IS IN CHARGE OF THE LAW LIBRARY AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL JOE HANVEY, PHYSICIANS ASSISTANT AND HEALTH CARE PROVIDER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ANDRA GATES, NURSING SUPERVISOR AND HEALTH CARE PROVIDER AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; KELLY SWANSON, HEALTH SERVICES SUPERVISOR AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; STEPHANIE HAMILTON, NURSE AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MARY CARPENTER, EMPLOYEE OF THE SOUTH DAKOTA DEPARTMENT OF HEALTH AND ASSISTS WITH INMATE HEALTH CARE DECISIONS FOR INMATES INCARCERATED AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; BARRY SCHROETER, SUPERVISOR FOR CBM CORRECTIONAL FOOD SERVICES AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER BENBOON, DIETITIAN EMPLOYED BY CBM CORRECTIONAL

| | |
|---|---|
| FOOD SERVICES; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; CBM CORRECTIONAL FOOD SERVICES, PRIVATE FOR PROFIT COMPANY CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE MEALS TO INMATES INCARCERATED AT MDSP; DELMAR SONNY WALTERS, ATTORNEY AT LAW CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE LEGAL SERVICES TO INMATES INCARCERATED AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES, CORRECTIONAL OFFICERS EMPLOYED BY THE SOUTH DAKOTA DOC WHO WORK AT MDSP; UNKNOWN DEPARTMENT OF CORRECTIONS HEALTH SERVICES STAFF, HEALTH SERVICES DEPARTMENT STAFF EMPLOYED BY THE SOUTH DAKOTA DOC TO PROVIDE HEALTH CARE FOR INMATES INCARCERATED AT MDSP; AND UNKNOWN CBM CORRECTIONAL FOOD SERVICES EMPLOYEES, EMPLOYEES OF CBM CORRECTIONAL FOOD SERVICES AT MDSP;<br><br>Defendants. | |

Multiple inmates incarcerated at the Mike Durfree State Prison in Springfield, South Dakota, filed a joint pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Plaintiff James Irving Dale sent a letter to the Court representing that the case is a class action and that he is the lead plaintiff. Doc. 3. Dale also moved to proceed in forma pauperis (IFP) and requested that he be allowed to pay a single $350.00 filing fee for the entire group of plaintiffs. Docs. 3, 4. Magistrate Judge Veronica L. Duffy ruled that the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), allows joint prisoner litigation

3

but requires that each prisoner pay the full $350.00 filing fee. Doc. 21. Dale then sent a letter to this Court seeking reconsideration of Judge Duffy's order that the plaintiffs must pay the filing fee individually. Doc. 22. Although Dale's letter was docketed as a motion for reconsideration, this Court interprets the letter as an appeal from Judge Duffy's order.

Ordinarily, plaintiffs proceeding jointly under the Federal Rules of Civil Procedure are only required to pay a single filing fee. See 28 U.S.C. § 1914(a) (stating in relevant part that "[t]he clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350"); Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004) (explaining that one filing fee per suit is the "norm" in civil litigation). When Congress enacted the PLRA, however, it imposed certain conditions on prisoners proceeding IFP. One of these conditions is found in 28 U.S.C. § 1915(b)(1), which provides in relevant part that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." Among those courts that have considered how the PLRA affects the collection of filing fees in multi-prisoner IFP actions, the majority position is that § 1915(b)(1) requires each individual prisoner to pay the full filing fee. See Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009); Boriboune, 391 F.3d 852; Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001).

In Hubbard, for instance, the Eleventh Circuit affirmed the dismissal of a joint prisoner suit based on its conclusion that § 1915(b)(1) requires every prisoner proceeding IFP to pay the full filing fee. Hubbard, 262 F.3d at 1197–98. The Eleventh Circuit reasoned that interpreting § 1915(b)(1) in this manner was consistent with both the plain language of the PLRA and the purpose of the statute, which was designed to deter frivolous lawsuits. To the extent that the PLRA conflicted with Rule 20 of the Federal Rules of Civil Procedure, the Eleventh Circuit held essentially that the PLRA trumps Rule 20 in prisoner cases. Id. at 1198.

4

In Boriboune, the Seventh Circuit held that although prisoners could litigate jointly if they satisfied Rule 20's criteria, they still were each required to pay a separate filing fee. Boriboune, 391 F.3d at 855–56. Contrasting the language of § 1914(a)—which implies a per-case approach to the filing fee by stating that the "parties" must pay a fee—with the language of § 1915(b)(1)—which states that "the prisoner shall be required to pay the full amount of a filing fee"—the Seventh Circuit concluded that § 1915(b)(1) "specifies a per-litigant approach to fees." Boriboune, 391 F.3d at 855–56. This "per-litigant approach," the Seventh Circuit reasoned, "is a natural concomitant to a system that makes permission to proceed [IFP] (and the amount and timing of payments) contingent on certain person-specific findings, including the number of unsuccessful suits or appeals the prisoner has pursued [IFP], and the balance in the prisoner's trust account." Id. at 856 (internal citations omitted).

Like the Seventh Circuit in Boriboune, the Third Circuit in Hagan held that prisoners proceeding IFP may litigate jointly but must each pay the full filing fee. The Third Circuit explained that "[r]eading the PLRA as requiring each joined IFP litigant to pay a full individual filing fee by installment, and no more, harmonizes the PLRA with Rule 20, and internally harmonizes the various provisions of § 1915(b)." Hagan, 570 F.3d at 155–56.

In contrast to the Eleventh, Seventh, and Third Circuits, there is an administrative order from the then chief judge of the Sixth Circuit stating that "[b]ecause each prisoner chose to join in the prosecution of the case, each prisoner should be proportionality liable for any fees and costs that may be assessed." In re Prison Litig. Reform Act, 105 F.3d 1131, 1137–38 (6th Cir. 1997). District courts within the Sixth Circuit have interpreted the administrative order in In re Prison Litigation Reform Act as holding that only a single filing fee is required in a multi-prisoner IFP action. Fox v. Koskinen, No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich.

5

Aug. 14, 2009); Harris v. Gerth, No. 2:08-CV-12374, 2008 WL 3200016, at *1 (E.D. Mich. Aug. 6, 2008). But see, Jones v. Fletcher, No. Civ.A.05CV07-JMH, 2005 WL 1175960, at *6 (E.D. Ky. May 5, 2005) (stating that it is unsettled within the Sixth Circuit whether a single filing fee should be apportioned among multiple prisoners, noting that In re Prison Litig. Reform Act failed to consider the purpose of the PLRA and the impact of Rule 20 on the PLRA's implementation, and requiring each prisoner proceeding IFP to pay the full filing fee).

The conclusion of the Eleventh, Seventh, and Third Circuits that § 1915(b)(1) requires every prisoner proceeding IFP to pay the full filing fee, even when prisoners have filed a joint complaint, is persuasive. Although the Eighth Circuit has yet to address this issue, it has given guidance on statutory interpretation:

> While the starting point for interpreting a statute is the language of the statute itself, federal courts engaging in statutory construction must interpret the words of the statute in light of the purposes Congress sought to serve. Our task, therefore, is to avoid interpreting a statute in a manner that renders any section of the statute superfluous or fails to give effect to all of the words used by Congress.

Westerfeld v. Indepen. Processing, LLC, 621 F.3d 819, 824 (8th Cir. 2010) (alterations and internal quotation marks omitted) (citations omitted). Interpreting § 1915(b)(1) as specifying a per-litigant approach to the filing fee comports not only with the text of the statute, but also with the PLRA's purpose, which was to deter "frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997). Furthermore, interpreting § 1915(b)(1) in this manner gives effect to all of the provisions of § 1915(b). See Hagan, 570 F.3d at 155–56 (explaining how reading the PLRA as requiring each joined IFP prisoner to pay a full individual filing fee and nothing more harmonizes § 1915(b)(1)

6

with § 1915(b)(3)). For these reasons, this Court agrees with Judge Duffy's order requiring each plaintiff to pay the full $350.00 filing fee individually.

Accordingly, it is hereby

ORDERED that Dale's Appeal, Doc. 22, is denied.

DATED this 5th day of November, 2015.

BY THE COURT:

*[signature]*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE