

**FILED**
APR 08 2016

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES IRVING DALE,<br>BRIAN MICHAEL HOLZER,<br>MICHAEL EUGENE KOCH,<br>GUY ALLEN BLESI,<br>KEVIN CHRISTOPHER CRANK,<br>JAMES EDWARD HAYES,<br>EDWARD EUGENE DARITY,<br>JOSIA JEREMIAH FUERST,<br>JEFFERY JACOB-DANIEL KLINGHAGEN,<br>DENNIS LOUIS STANISH II,<br>UKNOWN MIKE DURFEE STATE PRISON INMATES,<br><br>    Plaintiffs,<br>vs.<br><br>DENNIS KAEMINGK, SOUTH DAKOTA SECRETARY OF CORRECTIONS; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, WARDEN AT MDSP AND THE DIRECTOR OF PRISON OPERATIONS FOR THE SOUTH DAKOTA DOC; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOSHUA KLIMEK, UNIT MANAGER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA | 4:15-CV-04103-RAL<br><br><br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, SUSTAINING OBJECTIONS, AND DENYING MOTION TO RECONSIDER |

SCHIEFFER, ASSOCIATE WARDEN AND THE ADMINISTRATIVE REMEDY COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK, DEPUTY WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL DOYLE, CORRECTIONAL OFFICER, WITH THE RANK MAJOR, AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JEREMY LARSON, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AND THE DISCIPLINARY HEARING OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; COREY TYLER, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; KELLY TJEERDSMA, CORRECTIONAL OFFICER, WITH THE RANK CORPORAL, AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; LORI DROTZMAN, GENERAL EDUCATION DIPLOMA TEACHER, WHO ALSO IS IN CHARGE OF THE LAW LIBRARY AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL JOE HANVEY, PHYSICIANS ASSISTANT AND HEALTH CARE PROVIDER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ANDRA GATES, NURSING SUPERVISOR AND HEALTH CARE PROVIDER AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; KELLY SWANSON, HEALTH SERVICES SUPERVISOR AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; STEPHANIE HAMILTON, NURSE AT MDSP; IN

| HER INDIVIDUAL AND OFFICIAL CAPACITY; MARY CARPENTER, EMPLOYEE OF THE SOUTH DAKOTA DEPARTMENT OF HEALTH AND ASSISTS WITH INMATE HEALTH CARE DECISIONS FOR INMATES INCARCERATED AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; BARRY SCHROETER, SUPERVISOR FOR CBM CORRECTIONAL FOOD SERVICES AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER BENBOON, DIETITIAN EMPLOYED BY CBM CORRECTIONAL FOOD SERVICES; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; CBM CORRECTIONAL FOOD SERVICES, PRIVATE FOR PROFIT COMPANY CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE MEALS TO INMATES INCARCERATED AT MDSP; DELMAR SONNY WALTERS, ATTORNEY AT LAW CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE LEGAL SERVICES TO INMATES INCARCERATED AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES, CORRECTIONAL OFFICERS EMPLOYED BY THE SOUTH DAKOTA DOC WHO WORK AT MDSP; UNKNOWN DEPARTMENT OF CORRECTIONS HEALTH SERVICES STAFF, HEALTH SERVICES DEPARTMENT STAFF EMPLOYED BY THE SOUTH DAKOTA DOC TO PROVIDE HEALTH CARE FOR INMATES INCARCERATED AT MDSP; | |
|---|---|

| | |
|---|---|
| AND UNKNOWN CBM CORRECTIONAL FOOD SERVICES EMPLOYEES, EMPLOYEES OF CBM CORRECTIONAL FOOD SERVICES AT MDSP, <br><br> Defendants. | |

Plaintiffs filed this lawsuit pursuant to 42 U.S.C. § 1983 on June 6, 2015. Doc. 1. After a ruling that all Plaintiffs had to pay separate filing fees, plaintiffs were ordered to give notice that they wished to proceed with the lawsuit, and the plaintiffs who responded were granted leave to proceed in forma pauperis upon payment of a partial filing fee. Doc. 21. Magistrate Judge Veronica L. Duffy issued two reports and recommendations dismissing certain plaintiffs for either failing to give notice or failing to pay their initial partial filing fee. Doc. 73; Doc. 84. Plaintiff James Irving Dale objects to the recommendation that he be dismissed as a plaintiff. Doc. 86. Dale also filed a motion to reconsider. Doc. 88. For the reasons stated below, the reports and recommendations are adopted in part, Dale's objection is sustained, and his motion to reconsider is denied.

## I. PROCEDURAL BACKGROUND

Plaintiffs are prisoners incarcerated at Mike Durfee State Prison (MDSP). On June 1, 2015, plaintiffs filed a complaint alleging that their rights are being violated by prison conditions at MDSP. Doc. 1. Dale moved to proceed in forma pauperis. Doc. 4. On June 3, 2015, Magistrate Judge Duffy sent notice to all of

4

the plaintiffs, warning them that they must individually pay a filing fee and that they would be legally responsible as plaintiffs in the case. Doc. 21. She also ordered plaintiffs give notice to the Court if they wished to proceed with the lawsuit by July 2, 2015. *Id.*

Because plaintiffs Kevin Christopher Crank and Edward Eugene Darity did not respond to Magistrate Judge Duffy's June 3 order, she recommends they be dismissed from the case. Doc. 73. Neither Crank nor Darity objected to this recommendation.

Dale appealed Magistrate Judge Duffy's June 3 order, moved to appoint counsel, and sought class action certification. Doc. 22; Doc. 23; Doc. 24. Most of the other plaintiffs also moved to proceed in forma pauperis. Doc. 29; Doc. 31; Doc. 33; Doc. 35; Doc. 37; Doc. 39; Doc. 41; Doc. 42; Doc. 44; Doc. 46. Magistrate Judge Duffy denied class certification and the motion to appoint counsel. Doc. 48. This Court denied Dale's appeal of Magistrate Judge Duffy's original order and adopted her report and recommendation denying class certification and the motion to appoint counsel. Doc. 62; Doc. 63.

Magistrate Judge Duffy granted various plaintiffs' motions to proceed in forma pauperis and set initial partial filing fees for each such plaintiff. Doc. 64; Doc. 65; Doc. 66; Doc. 67; Doc. 68; Doc. 69; Doc. 70; Doc. 71; Doc. 72; Doc. 74; Doc. 75. A number of plaintiffs paid their initial partial filing fees. On February 22, 2016, Magistrate Judge Duffy recommended dismissal of plaintiffs Dale, Brian Holzer, Guy Blesi, and Dennis Stanish II because they did not pay their initial partial filing fees. Doc. 84. Dale objects to this

recommendation, arguing that he cannot afford to pay the initial partial filing fee. Doc. 86. Dale also moves the Court to reconsider its decision concerning his filing fee, raising the same argument put forth in his objection to the report and recommendation. Doc. 88.

## II. LEGAL STANDARD

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

## III. DISCUSSION

### A. Kevin Christopher Crank and Edward Eugene Darity Are Dismissed

Magistrate Judge Duffy ordered all plaintiffs who wished to proceed with the lawsuit to give notice to the Court by July 2, 2015. Doc. 21. Crank and Darity failed to do so. They did not object to Magistrate Judge Duffy's recommendation that they be dismissed from the case. Therefore, the Court adopts Magistrate Judge Duffy's recommendation; Crank and Darity are dismissed as plaintiffs.

### B. Brian Holzer, Guy Blesi, and Dennis Stanish II Are Dismissed

Magistrate Judge Duffy recommends that Holzer, Blesi, and Stanish II be dismissed because they did not pay their initial partial filing fees. Doc. 84. None of these plaintiffs objected to this recommendation. Therefore, the Court

adopts Magistrate Judge Duffy's recommendation; Holzer, Blesi, and Stanish II are dismissed as plaintiffs.

### C. Dale's Objection Is Sustained

Magistrate Judge Duffy recommends that Dale be dismissed as a plaintiff because he did not pay his initial partial filing fee. Doc. 84. Dale objects, arguing that he cannot pay because he was recently fined by prison officials, and he does not have money to pay the initial partial filing fee. Doc. 86. Dale filed a Declaration stating that he has a negative balance in his inmate trust account and cannot pay the $8.00 filing fee now or in the foreseeable future. Doc. 87. Dale's objection is sustained.

Under 28 U.S.C. § 1915(b)(1) a prisoner who brings a civil action is required to pay an initial partial filing fee. But, the statute also states, "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." § 1915(b)(4). Therefore, the initial partial filing fee is waived for Dale, but he still must pay the entire filing fee in installments. *See* § 1915(b)(1)–(2).

Dale's motion to reconsider seeks the same relief as his objection to Magistrate Judge Duffy's report and recommendation. Because the Court grants Dale's relief by sustaining his objection, his motion to reconsider is denied as moot.

### IV. ORDER

Accordingly, it is ORDERED

1. Magistrate Judge Duffy's report and recommendation (Doc. 73) is adopted. The claims of plaintiffs Crank and Darity are dismissed, and they should be removed as party plaintiffs on all further filings.
2. Magistrate Judge Duffy's report and recommendation (Doc. 84) is adopted in part. The claims of plaintiffs Holzer, Blesi, and Stanish II are dismissed, and they should be removed as party plaintiffs on all further filings.
3. Dale's objection (Doc. 86) is sustained. His initial partial filing fee is waived, although he ultimately remains responsible to pay the entire filing fee.
4. Dale's motion to reconsider (Doc. 88) is denied as moot.

Dated April 8th, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE