UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES IRVING DALE, BRIAN MICHAEL HOLZER, MICHAEL EUGENE KOCH, DEMETRIUS PETRO COLAITES, TREVOR JOHN ERICKSON, GUY ALLEN BLESI, KEVIN CHRISTOPHER CRANK, JAMES EDWARD HAYES, EDWARD EUGENE DARITY, JOSIA JEREMIAH FUERST, ROBERT EUGENE BLACKWELL, JEFFERY JACOB-DANIEL KLINGHAGEN, DENNIS LOUIS STANISHII, UNKNOWN MIKE DURFEE STATE PRISON INMATES,<br><br>     Plaintiffs,<br><br>  vs.<br><br>DENNIS KAEMINGK, SOUTH DAKOTA SECRETARY OF CORRECTIONS; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, WARDEN AT MDSP AND THE DIRECTOR OF PRISON OPERATIONS FOR THE SOUTH DAKOTA DOC; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOSHUA KLIMEK, UNIT MANAGER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AND THE ADMINISTRATIVE REMEDY | 4:15-CV-04103-RAL<br><br><br><br><br><br><br>REPORT & RECOMMENDATION |

COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK, DEPUTY WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL DOYLE, CORRECTIONAL OFFICER, WITH THE RANK MAJOR, AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JEREMY LARSON, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AND THE DISCIPLINARY HEARING OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; COREY TYLER, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; KELLY TJEERDSMA, CORRECTIONAL OFFICER, WITH THE RANK CORPORAL, AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; LORI DROTZMAN, GENERAL EDUCATION DIPLOMA TEACHER, WHO ALSO IS IN CHARGE OF THE LAW LIBRARY AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL JOE HANVEY, PHYSICIANS ASSISTANT AND HEALTH CARE PROVIDER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ANDRA GATES, NURSING SUPERVISOR AND HEALTH CARE PROVIDER AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; KELLY SWANSON, HEALTH SERVICES SUPERVISOR AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; STEPHANIE HAMILTON, NURSE AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MARY CARPENTER, EMPLOYEE OF THE SOUTH DAKOTA DEPARTMENT OF

| | |
|---|---|
| HEALTH AND ASSISTS WITH INMATE HEALTH CARE DECISIONS FOR INMATES INCARCERATED AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; BARRY SCHROETER, SUPERVISOR FOR CBM CORRECTIONAL FOOD SERVICES AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER BENBOON, DIETITIAN EMPLOYED BY CBM CORRECTIONAL FOOD SERVICES; IN HER INDIVIDUAL AND OFFICIAL CAPACITY;  CBM CORRECTIONAL FOOD SERVICES, PRIVATE FOR PROFIT COMPANY CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE MEALS TO INMATES INCARCERATED AT MDSP; DELMAR SONNY WALTERS, ATTORNEY AT LAW CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE LEGAL SERVICES TO INMATES INCARCERATED AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;  UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES, CORRECTIONAL OFFICERS EMPLOYED BY THE SOUTH DAKOTA DOC WHO WORK AT MDSP; UNKNOWN DEPARTMENT OF CORRECTIONS HEALTH SERVICES STAFF, HEALTH SERVICES DEPARTMENT STAFF EMPLOYED BY THE SOUTH DAKOTA DOC TO PROVIDE HEALTH CARE FOR INMATES INCARCERATED AT MDSP; AND  UNKNOWN CBM CORRECTIONAL FOOD SERVICES EMPLOYEES, EMPLOYEES OF CBM CORRECTIONAL FOOD SERVICES AT MDSP;<br><br>            Defendants. | |

This matter is before the court on a *pro se* civil rights complaint filed by plaintiffs pursuant to 42 U.S.C. § 1983.  See Docket No. 1.  The self-designated lead plaintiff is James Dale.  Id.  The complaint alleges all plaintiffs are inmates at the Mike Durfee State Prison (MDSP) at Springfield, South Dakota.  Id.  The complaint alleges various constitutional deprivations based upon prison conditions at MDSP.  Id.  Plaintiffs seek only prospective declaratory and injunctive relief.  Id.

In a pleading filed with the court on June 7, 2016, James Dale stated that he had been transferred from the MDSP to the South Dakota State Prison in Sioux Falls, South Dakota, and that prison officials told him he will never return to MDSP.  See Docket No. 101.  This transfer renders all claims by Mr. Dale as to prison conditions at MDSP moot.  See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (discussing Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998); and Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)).  The court notes Mr. Dale seeks no damages for past allegedly unconstitutional conditions, only declaratory and injunctive relief, which are prospective.

There is no evidence in the record to suggest defendants effected this transfer of Mr. Dale in order to evade this court's jurisdiction because the complaint in this case has not yet been served on defendants; the district court is still in the process of screening the complaint pursuant to 42 U.S.C. § 1915.  Even if that were the intent of defendants, it would not dispose of this lawsuit

as there are numerous other plaintiffs still active in this case who continue to reside at MDSP.

Based on Mr. Dale's transfer, the court issued an order to show cause to Mr. Dale asking him to respond and tell the court why he should not be dismissed from the lawsuit. See Docket No. 105. He did respond, arguing that he may in the future be transferred back to MDSP. See Docket No. 107. Specifically, Mr. Dale, who has multiple lawsuits currently pending in this court against prison authorities, argues that he has requested in one of his other lawsuits, Dale v. Dejong, 4:14-cv-4102, that he be transferred back to MDSP as one of the forms of relief. Mr. Dale argues if he is successful in this other case, he will return to MDSP and all the same prison conditions there which are complained about in this lawsuit.

This very argument was asserted and rejected in Smith. See Smith, 190 F.3d at 855. In that case, the prisoner argued that he had been transferred back and forth between various state prison facilities in the past and it was likely that he would be transferred back again in the future to the prison the conditions about which he complained of in his lawsuit. Id. Smith argued that his case fell within the "capable-of-repetition-yet-evading-review" exception to the mootness doctrine. Id. The court rejected this argument because Smith did not show it was "likely" he would be retransferred, and the mere speculation that he might be transferred again was not sufficient to bring his case within the narrow exception to the mootness doctrine urged by him. Id.

So, too, in Mr. Dale's case. There is no reason to think prison authorities likely will retransfer Mr. Dale of their own accord. In fact, Mr. Dale represented to the court that prison authorities have told him he *will not* be retransferred back to MDSP. Furthermore, although Mr. Dale may have requested retransfer as a remedy in his other lawsuit, he has not shown that he will likely succeed in his other lawsuit. Accordingly, it is:

**respectfully recommended to the district court that Mr. Dale be dismissed as a plaintiff from this lawsuit.**

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 14th day of July, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge