UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES IRVING DALE, MICHAEL EUGENE KOCH, JAMES EDWARD HAYES, JOSIA JEREMIAH FUERST, JEFFERY JACOB-DANIEL KLINGHAGEN, UNKNOWN MIKE DURFEE STATE PRISON INMATES, | 4:15-CV-04103-RAL |
| Plaintiffs, | |
| vs. | ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL BY PLAINTIFF KOCH BUT ORDERING DEFENDANTS TO PROVIDE KOCH WITH MEDICAL RECORDS |
| DENNIS KAEMINGK, SOUTH DAKOTA SECRETARY OF CORRECTIONS; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, WARDEN AT MDSP AND THE DIRECTOR OF PRISON OPERATIONS FOR THE SOUTH DAKOTA DOC; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOSHUA KLIMEK, UNIT MANAGER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AND THE ADMINISTRATIVE REMEDY COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK, DEPUTY WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; | DOCKET NOS. 112, 113 & 114 |

MICHAEL DOYLE, CORRECTIONAL
OFFICER, WITH THE RANK MAJOR, AT
MDSP; IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; JEREMY
LARSON, CORRECTIONAL OFFICER,
WITH THE RANK SERGEANT, AND THE
DISCIPLINARY HEARING OFFICER AT
MDSP; IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; COREY TYLER,
CORRECTIONAL OFFICER, WITH THE
RANK SERGEANT, AT MDSP; IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY;
MICHAEL MEYER, CORRECTIONAL
OFFICER AT MDSP; IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY;
KELLY TJEERDSMA, CORRECTIONAL
OFFICER, WITH THE RANK
CORPORAL, AT MDSP; IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY;
LORI DROTZMAN, GENERAL
EDUCATION DIPLOMA TEACHER,
WHO ALSO IS IN CHARGE OF THE
LAW LIBRARY AT MDSP; IN HER
INDIVIDUAL AND OFFICIAL CAPACITY;
MICHAEL JOE HANVEY, PHYSICIANS
ASSISTANT AND HEALTH CARE
PROVIDER AT MDSP; IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY;
ANDRA GATES, NURSING
SUPERVISOR AND HEALTH CARE
PROVIDER AT MDSP; IN HER
INDIVIDUAL AND OFFICIAL CAPACITY;
KELLY SWANSON, HEALTH SERVICES
SUPERVISOR AT MDSP; IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY;
STEPHANIE HAMILTON, NURSE AT
MDSP; IN HER INDIVIDUAL AND
OFFICIAL CAPACITY; MARY
CARPENTER, EMPLOYEE OF THE
SOUTH DAKOTA DEPARTMENT OF
HEALTH AND ASSISTS WITH INMATE
HEALTH CARE DECISIONS FOR
INMATES INCARCERATED AT MDSP;
IN HER INDIVIDUAL AND OFFICIAL
CAPACITY; BARRY SCHROETER,

SUPERVISOR FOR CBM
CORRECTIONAL FOOD SERVICES AT
MDSP; IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; JENNIFER
BENBOON, DIETITIAN EMPLOYED BY
CBM CORRECTIONAL FOOD
SERVICES; IN HER INDIVIDUAL AND
OFFICIAL CAPACITY;  CBM
CORRECTIONAL FOOD SERVICES,
PRIVATE FOR PROFIT COMPANY
CONTRACTED BY THE SOUTH
DAKOTA DOC TO PROVIDE MEALS TO
INMATES INCARCERATED AT MDSP;
DELMAR SONNY WALTERS,
ATTORNEY AT LAW CONTRACTED BY
THE SOUTH DAKOTA DOC TO
PROVIDE LEGAL SERVICES TO
INMATES INCARCERATED AT MDSP;
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY;  UNKNOWN DEPARTMENT
OF CORRECTIONS EMPLOYEES,
CORRECTIONAL OFFICERS
EMPLOYED BY THE SOUTH DAKOTA
DOC WHO WORK AT MDSP;
UNKNOWN DEPARTMENT OF
CORRECTIONS HEALTH SERVICES
STAFF, HEALTH SERVICES
DEPARTMENT STAFF EMPLOYED BY
THE SOUTH DAKOTA DOC TO
PROVIDE HEALTH CARE FOR
INMATES INCARCERATED AT MDSP;
AND  UNKNOWN CBM CORRECTIONAL
FOOD SERVICES EMPLOYEES,
EMPLOYEES OF CBM CORRECTIONAL
FOOD SERVICES AT MDSP;

Defendants.

This matter is before the court on a *pro se* complaint pursuant to 42

U.S.C. § 1983 and the Americans With Disabilities Act (ADA) filed by multiple

prison inmates at the Mike Durfee State Prison (MDSP), among them Michael Eugene Koch.  Mr. Koch has filed three motions for appointment of counsel. See Docket Nos. 112, 113, and 114.  The court denies all three motions as discussed below.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel."  Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995).  The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim."  Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex.  Mr. Koch alleges defendants are deliberately indifferent to his serious medical needs, namely treatment of his liver and gall bladder conditions.  In support of his motion, Mr. Koch alleges he has only an eighth-grade education, does not know the law, receives no assistance from the law librarian or contract attorney at MDSP, and is ill.  Mr. Koch alleges an outside doctor has told him his gall bladder is basically dead and needs to be removed, but surgery cannot be accomplished until his liver is stabilized.  Mr. Koch alleges his liver is being affected by Hepatitis C and that he requires treatment with the drug Harvoni® in order to stabilize his liver.  He alleges defendants are not giving him the indicated liver treatment, with the

result that his gall bladder cannot be removed.  He alleges these conditions cause him pain on a daily basis.

This case is not legally complex.  The law regarding plaintiff's Eighth Amendment claim is well-settled, and requires that plaintiff to "prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quotation marks and citation omitted).  The law further provides that "[d]eliberate indifference may be demonstrated by prison guards who intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs.  Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Estelle v. Gamble, 429 U.S. 97, 104-06 (1976)).

Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter.  The court would not benefit from the assistance of counsel at this point in the proceedings.  Plaintiff, although incarcerated, is able to investigate the facts of his claim.  It is not clear at the present time

whether there will be conflicting testimony in this case.  The legal issues involved do not appear to be legally complex at this point in the proceedings.

However, it does appear Mr. Koch cannot adequately represent himself without access to his own medical records.  Accordingly, considering all the relevant factors, as discussed above, and upon the record to date, the court will order defendants to provide Mr. Koch with his own medical records for the last three years, including those records from outside doctors.  Based on the foregoing, it is hereby

ORDERED that plaintiff Michael Koch's motions for appointment of counsel [Docket Nos. 112, 113 & 114] are denied without prejudice.  It is further

ORDERED that if defendants are served with Mr. Koch's complaint, defendants shall immediately provide to Mr. Koch copies of all of his medical records for the last three years, both records generated by prison medical staff, South Dakota Department of Health employees, and outside medical doctors. If necessary, Mr. Koch must execute health care waivers allowing defendants to request such records and provide such copies to Mr. Koch.

DATED this 3rd day of November, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

6