FILED
NOV 23 2016
[signature]
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES IRVING DALE, BRIAN MICHAEL HOLZER, MICHAEL EUGENE KOCH, DEMETRIUS PETRO COLAITES, TREVOR JOHN ERICKSON, GUY ALLEN BLESI, KEVIN CHRISTOPHER CRANK, JAMES EDWARD HAYES, EDWARD EUGENE DARITY, JOSIA JEREMIAH FUERST, ROBERT EUGENE BLACKWELL, JEFFERY JACOB-DANIEL KLINGHAGEN, DENNIS LOUIS STANISHII, UNKNOWN MIKE DURFEE STATE PRISON INMATES, <br><br> Plaintiffs, <br><br> vs. <br><br> DENNIS KAEMINGK, SOUTH DAKOTA SECRETARY OF CORRECTIONS; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, WARDEN AT MDSP AND THE DIRECTOR OF PRISON OPERATIONS FOR THE SOUTH DAKOTA DOC; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOSHUA KLIMEK, UNIT MANAGER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AND THE ADMINISTRATIVE REMEDY COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK, DEPUTY WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL DOYLE, CORRECTIONAL OFFICER, WITH THE RANK MAJOR, AT MDSP; IN HIS INDIVIDUAL AND | 4:15-CV-04103-RAL <br><br><br> ORDER ADOPTING REPORTS AND RECOMMENDATIONS, DISMISSING IN PART, AND DIRECTING SERVICE |

OFFICIAL CAPACITY; JEREMY LARSON, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AND THE DISCIPLINARY HEARING OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; COREY TYLER, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; KELLY TJEERDSMA, CORRECTIONAL OFFICER, WITH THE RANK CORPORAL, AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; LORI DROTZMAN, GENERAL EDUCATION DIPLOMA TEACHER, WHO ALSO IS IN CHARGE OF THE LAW LIBRARY AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL JOE HANVEY, PHYSICIANS ASSISTANT AND HEALTH CARE PROVIDER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ANDRA GATES, NURSING SUPERVISOR AND HEALTH CARE PROVIDER AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; KELLY SWANSON, HEALTH SERVICES SUPERVISOR AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; STEPHANIE HAMILTON, NURSE AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MARY CARPENTER, EMPLOYEE OF THE SOUTH DAKOTA DEPARTMENT OF HEALTH AND ASSISTS WITH INMATE HEALTH CARE DECISIONS FOR INMATES INCARCERATED AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; BARRY SCHROETER, SUPERVISOR FOR CBM CORRECTIONAL FOOD SERVICES AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER BENBOON, DIETITIAN EMPLOYED BY CBM CORRECTIONAL FOOD SERVICES; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; CBM CORRECTIONAL FOOD SERVICES, PRIVATE FOR PROFIT COMPANY CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE MEALS TO INMATES INCARCERATED AT MDSP; DELMAR

| | |
|---|---|
| SONNY WALTERS, ATTORNEY AT LAW CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE LEGAL SERVICES TO INMATES INCARCERATED AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES, CORRECTIONAL OFFICERS EMPLOYED BY THE SOUTH DAKOTA DOC WHO WORK AT MDSP; UNKNOWN DEPARTMENT OF CORRECTIONS HEALTH SERVICES STAFF, HEALTH SERVICES DEPARTMENT STAFF EMPLOYED BY THE SOUTH DAKOTA DOC TO PROVIDE HEALTH CARE FOR INMATES INCARCERATED AT MDSP; AND UNKNOWN CBM CORRECTIONAL FOOD SERVICES EMPLOYEES, EMPLOYEES OF CBM CORRECTIONAL FOOD SERVICES AT MDSP;<br><br>                    Defendants. | |

Plaintiffs brought this lawsuit challenging certain conditions of confinement at the Mike Durfee State Prison ("MDSP") under 42 U.S.C. § 1983. Pursuant to a standing order, the case is referred to Magistrate Judge Veronica L. Duffy. Judge Duffy has issued reports and recommendations in this case, two of which this Court has not yet ruled upon: 1) Report and Recommendation on Screening, Doc. 98; and 2) Report and Recommendation recommending dismissal of the claims of lead Plaintiff James Irving Dale ("Dale"), Doc. 108.

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), a district court reviews de novo any objections that are timely made and specific. See Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

3

There were no objections to the Report and Recommendation on Screening, Doc. 98. This Court has reviewed the Report and Recommendation on Screening and finds it appropriate to adopt in full.

Dale objected to the Report and Recommendation recommending dismissal of his claims. Docs. 108, 109. Dale acknowledged that he no longer was at MDSP and has been told that he will not be returning to MDSP, but alleged that his transfer was retaliatory in nature and that he might someday return to MDSP. Doc. 109. Since filing these objections to the Report and Recommendation, Dale has been released from prison. See South Dakota Department of Corrections, https://doc.sd.gov/adult/lookup/details/?id=1526 (last visited November 22, 2016) (stating that Dale was discharged from South Dakota custody on November 1, 2016).

Dale sought no damages for past allegedly unconstitutional conditions, but only prospective declaratory and injunctive relief which other plaintiffs in this case may pursue. Under these circumstances, Dale's release from prison renders his claims moot. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (concluding that plaintiff's transfer to different prison facility rendered his claims for declaratory and injunctive relief moot); Hickman v. Missouri, 144 F.3d 1141, 1142–43 (8th Cir. 1998) (holding that prisoners' claims for declaratory relief under the ADA were moot once the prisoners were released on parole); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions.").

Therefore, it is hereby

ORDERED that the Report and Recommendation on Screening, Doc. 98, is adopted. It is further

ORDERED

(1) That the following portions of the complaint and/or supporting documents are stricken because the corresponding formerly named plaintiffs have chosen to disassociate themselves from the lawsuit:

**Brian Holzer:** Doc. 1, ¶ 2; Doc. 7 (Affidavit of Brian Holzer)

**Demetrius Colaites:** Doc. 1, ¶¶ 4, 141, 142 and 143; Doc. 8 (Affidavit of Demetrius Petro Colaites)

**Trevor Erickson:** Doc. 1, ¶¶ 5, 95 and 239; Doc. 10 (Affidavit of Trevor John Erickson)

**Kevin Crank:** Doc. 1, ¶¶ 7, 224, 225, 226, 227 and 228; Doc. 12 (Declaration of Kevin Christopher Crank)

~~**Guy Blesi:** Doc. 1, ¶¶ 6, 96, 99, 100, 101, 102, 111 and 112; Doc. 11 (Affidavit of Guy Allen Blesi).~~ *RAL*

**Edward Darity:** Doc. 1, ¶¶ 9, 192, 193, 194, 195, 196, 197 and 198; Doc. 14 (Affidavit of Edward Eugene Darity)

**Robert Blackwell:** Doc. 1, ¶¶ 11, 255, 257, 258, and 259; Doc. 16 (Affidavit of Robert Eugene Blackwell)

**Dennis Stanish:** Doc. 1, ¶¶ 13, 191, 260, 261, 262, and 263; Doc. 18 (Affidavit of Dennis Louis Stanish, II)

(2) That the cause of action titled "Informal Resolution Request & Administrative Remedy Process," Doc. 1 ¶¶ 104–17, is hereby dismissed prior to service for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(3) That the cause of action titled "Inmate Due Process and Disciplinary Hearing," Doc. 1 ¶¶ 248–68, is hereby dismissed prior to service for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(4) That the causes of action titled "Mail and Legal Mail," "Mike Durfee State Prison Unit Staff," "Law Library," "Inmate Legal Assistance," and "Other Legal Issues" (First Amendment Access to Courts), Doc. 1 ¶¶ 52–103, would have survived screening as to Plaintiff Dale but are hereby dismissed prior to service as Dale's claims are being dismissed and the other remaining Plaintiffs cannot state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for these claims.

(5) That the cause of action titled "Inmate Health Care and MSDP Health Services" (Eighth Amendment Health Care Claim), Doc. 1 ¶¶ 181–208, , survives screening as to Plaintiffs Koch, Klinghagen, and Fuerst, but is hereby dismissed as to the other remaining Plaintiffs

5

because they fail to state a claim upon which relief may be granted pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(6) That the cause of action titled "Inmates with Disabilities and Americans with Disabilities Act Issues," Doc. 1 ¶¶ 269–89, survives screening as to Plaintiff Fuerst but is hereby dismissed as to the other remaining Plaintiffs because they fail to state a claim upon which relief may be granted pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), although ruling on Plaintiff Klinghagen's motion to amend, Doc. 106, to state a claim on this count is referred to Judge Duffy.

(7) That the United States Marshal serve a copy of the Complaint, Doc. 1, Summons, a copy of the Report and Recommendation on Screening, Doc. 98, and a copy of this Order Adopting Reports and Recommendations upon Defendants as directed by Plaintiffs. All costs of service shall be advanced by the United States.

(8) That Plaintiffs shall serve upon Defendants, or if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiffs shall include with the original paper to be filed with the Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service may be disregarded by the Court.

It is further

ORDERED that the Report and Recommendation, Doc. 108, is adopted and that the claims of Plaintiff James Irving Dale are dismissed as moot but without prejudice to refiling if by some chance he returns to MDSP.

DATED this 23rd day of November, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE