UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY JACOB-DANIEL KLINGHAGEN,<br><br>Plaintiffs,<br><br>vs.<br><br>DENNIS KAEMINGK, SOUTH DAKOTA SECRETARY OF CORRECTIONS; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, WARDEN AT MDSP AND THE DIRECTOR OF PRISON OPERATIONS FOR THE SOUTH DAKOTA DOC; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOSHUA KLIMEK, UNIT MANAGER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AND THE ADMINISTRATIVE REMEDY COORDINATOR AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK, DEPUTY WARDEN AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL DOYLE, CORRECTIONAL OFFICER, WITH THE RANK MAJOR, AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JEREMY LARSON, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AND THE DISCIPLINARY HEARING OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; COREY TYLER, CORRECTIONAL OFFICER, WITH THE RANK SERGEANT, AT MDSP; IN HIS | 4:15-CV-04103-RAL<br><br><br>ORDER REQUIRING RESPONSE TO MOTION TO DISMISS |

1

INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; KELLY TJEERDSMA, CORRECTIONAL OFFICER, WITH THE RANK CORPORAL, AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; LORI DROTZMAN, GENERAL EDUCATION DIPLOMA TEACHER, WHO ALSO IS IN CHARGE OF THE LAW LIBRARY AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL JOE HANVEY, PHYSICIANS ASSISTANT AND HEALTH CARE PROVIDER AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ANDRA GATES, NURSING SUPERVISOR AND HEALTH CARE PROVIDER AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; KELLY SWANSON, HEALTH SERVICES SUPERVISOR AT MDSP; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; STEPHANIE HAMILTON, NURSE AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MARY CARPENTER, EMPLOYEE OF THE SOUTH DAKOTA DEPARTMENT OF HEALTH AND ASSISTS WITH INMATE HEALTH CARE DECISIONS FOR INMATES INCARCERATED AT MDSP; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; BARRY SCHROETER, SUPERVISOR FOR CBM CORRECTIONAL FOOD SERVICES AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER BENBOON, DIETITIAN EMPLOYED BY CBM CORRECTIONAL FOOD SERVICES; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; CBM CORRECTIONAL FOOD SERVICES, PRIVATE FOR PROFIT COMPANY CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE MEALS TO INMATES INCARCERATED AT MDSP; DELMAR SONNY WALTERS, ATTORNEY AT LAW CONTRACTED BY THE SOUTH DAKOTA DOC TO PROVIDE LEGAL SERVICES TO

| | |
|---|---|
| INMATES INCARCERATED AT MDSP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES, CORRECTIONAL OFFICERS EMPLOYED BY THE SOUTH DAKOTA DOC WHO WORK AT MDSP; UNKNOWN DEPARTMENT OF CORRECTIONS HEALTH SERVICES STAFF, HEALTH SERVICES DEPARTMENT STAFF EMPLOYED BY THE SOUTH DAKOTA DOC TO PROVIDE HEALTH CARE FOR INMATES INCARCERATED AT MDSP; AND UNKNOWN CBM CORRECTIONAL FOOD SERVICES EMPLOYEES, EMPLOYEES OF CBM CORRECTIONAL FOOD SERVICES AT MDSP;<br><br>                    Defendants. | |

Plaintiff Jeffery Jacob-Daniel Klinghagen (Klinghagen) is the lone remaining Plaintiff in this case, which began with thirteen Plaintiffs. Doc. 1. Klinghagen's Verified Amended Complaint contains claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act that conditions of confinement at the Mike Durfee State Prison (MDSP) violate his rights. Doc. 180. Particularly, Klinghagen alleges that the Defendants at MDSP are deliberately indifferent to his serious medical needs, namely proper treatment of his diabetes.

Klinghagen has made repeated requests for appointment of counsel, Docs. 91, 110, 188, which Magistrate Judge Veronica L. Duffy has denied through several orders. Docs. 116, 189. Klinghagen filed an appeal of those rulings addressed to the undersigned judge, Doc. 194, and this Court affirmed. Doc. 197.

This Court explained that the case is not factually or legally complex, and that Klinghagen has stated a claim that the MDSP Defendants have been deliberately indifferent to his serious medical needs as a diabetic, that he entered prison with an insulin pump prescribed by a private

physician, that MDSP officials removed the pump, and that he now suffers increased seizures. Both Magistrate Judge Duffy and this Court have explained the law to Klinghagen as follows:

> The law regarding plaintiff's Eight Amendment claim is well-settled, and requires that plaintiff to "prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quotation marks and citations omitted). The law further provides that "[d]eliberate indifference may be demonstrated by prison guards who intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Estelle v. Gamble, 429 U.S. 97, 104–06 (1976)).

Doc. 116 at 5; Doc. 197 at 4. Magistrate Judge Duffy previously has ordered that Defendants provide Klinghagen copies of his medical records for a several-year period. Doc. 116 at 6–7.

On February 22, 2018, the Defendants filed a Motion to Dismiss, Doc. 198, arguing that Klinghagen's Amended Complaint fails to state a claim upon which relief can be granted. A text order advised Klinghagen of his deadline of March 19, 2018, to respond to the motion to dismiss. Doc. 199.

On March 22, 2018, the Clerk of Court filed a one-page letter postmarked March 21 from Klinghagen where Klinghagen reiterated his desire for legal counsel and expressed an inability to proceed without help. Doc. 200. Magistrate Judge Duffy wrote back to Klinghagen on March 23, 2018, declining to give Klinghagen legal advice, but recounting the fact that the Court had provided an outline of the applicable law and some of the Federal Rules of Civil Procedure, and letting Klinghagen know how he could access this Court's Civil Local Rules. Doc. 201. Because some of Klinhagen's letter could have been read as indicating a loss of a desire to proceed, Judge Duffy wrote: "If you no longer wish to pursue your case, you may make a motion to voluntarily

dismiss it." Doc. 201. Klinghagen has filed nothing further and has not resisted Defendants' Motion to Dismiss. For good cause, it is hereby

ORDERED that Klinghagen is given until July 24, 2018, to respond to the Motion to Dismiss, and if he does not so respond, the Court will deem the motion unopposed and grant dismissal without prejudice to refiling a separate case.

DATED this 9th day of July, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE